UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMY C. KELLY and WALTON J. KELLY, her
husband, individually, and as parents and next
friends of KATE KELLY, their minor child,
108 Laramore Drive
Thomaston, GA 30286

    *Plaintiffs*,

vs.            Civil Action No.:

ELI LILLY AND COMPANY, an Indiana corporation,
Lilly Corporate Center
307 East McCarty Street
Indianapolis, IN 46285

    *Defendan*t.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(DES LITIGATION – PRODUCTS LIABILITY)**

The Plaintiffs sue the Defendant and allege:

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs. The basis for this Court's jurisdiction is diversity of citizenship under 28 USC §1332.

2. Plaintiffs are residents of the State of Georgia.

3. The Defendant, Eli Lilly and Company, is an Indiana corporation, with its principal place of business other than in the State of Georgia.

4. The Defendant was in the 1960s and 1970s, and still is, engaged in the worldwide manufacture, sale, promotion and/or distribution of pharmaceuticals in general, including the drug diethylstilbestrol or "DES," a synthetic estrogen. The Defendant did

business in the District of Columbia in the 1960s and 1970s and continues to do so today.

5.   In 1948, Lilly made application to the Food and Drug Administration for approval to sell DES for use by pregnant women. It continued to produce, sell, market and make DES available for use until at least 2000.

6.   Plaintiff Amy Kelly was born May 16, 1973, in Thomaston, Georgia.

7.   In 1972-1973, during her pregnancy with Plaintiff Amy Kelly, the mother of Plaintiff, Nancy Adams, ingested the drug DES. Said drug was prescribed by the physicians of Nancy Adams as a medication to prevent miscarriage. The drug was manufactured, sold, promoted and/or distributed by the Defendant.

8.   Alternatively, the Defendant negligently produced, distributed and/or marketed the type of DES taken by Plaintiff's mother and which caused Plaintiffs' injuries. Plaintiffs have made a reasonable attempt to identify the specific manufacturer and/or distributor responsible for her injuries and is unable to do so.

**Count I - Negligence**

Plaintiffs reallege the allegations contained in paragraphs 1 through 8 above and further state:

9.   The Defendant was negligent in its manufacturing, testing, selling, promoting, advertising and/or distributing DES and in furnishing the formula to others for manufacture, marketing, promoting and advertising the drug, because they knew, or in the exercise of reasonable care, should have known, that among other hazards of this drug, it was a carcinogen, it was ineffective and useless in preventing miscarriages, it was a teratogen and

its safety for use during pregnancy had not been established. The Defendant was further negligent in failing to give adequate warning to the medical profession and to the public of the aforesaid hazards and other dangers of this drug, and of its ineffectiveness in preventing miscarriages.

10. As a direct and proximate result of Plaintiff Amy Kelly's embryonic exposure to DES, she suffered injuries, including but not limited to, malfunction of her reproductive organs resulting in her suffering infertility, complications during pregnancy, preterm delivery, multiple miscarriages, increased likelihood of future complications of pregnancy should she become pregnant again, and substantial out-of-pocket expenses during her infertility evaluation, her pregnancies, and in the future in an effort to cure and correct her injuries, as well as other serious and permanent injuries for which she has had and will require hospitalization, medical care, surgery, and lifelong attention. As a result of the foregoing, Plaintiff will be incapacitated from her normal functioning and may be unable to pursue normal means of livelihood; Plaintiff will be precluded from having a normal reproductive life and a normal life physically, intellectually, vocationally, emotionally, or psychologically; and Plaintiffs have been otherwise grossly damaged.

11. As a direct and proximate result of the negligence of the Defendant as aforesaid, Plaintiff Amy Kelly has suffered and will continue to suffer bodily harm, permanent injury, physical pain, mental pain and anguish, lost wages, loss of future earning capacity, loss of enjoyment of life, extreme anxiety concerning the risk of cancer, and she has incurred and will continue to incur substantial out-of-pocket medical expenses and other

expenses in an effort to cure and correct her injuries.

12.     As a direct and proximate result of the negligence of the Defendant as aforesaid, Kate Kelly, a minor, has suffered extremely premature birth at approximately 24 weeks' gestation; low birth weight; admission to a neonatal intensive care unit for extraordinary medical care, including cardiorespiratory support and monitoring, among other procedures; and numerous other complications of her prematurity. She has continued to suffer and will in the future suffer pain, physical disability, mental and developmental delays and disabilities, mental anguish and loss of capacity for enjoyment of life, loss of earning capacity, and medical and hospital expenses.

Wherefore, Plaintiffs demand judgment for damages, costs and trial by jury.

### Count II - Strict Liability

Plaintiffs reallege the allegations contained in paragraphs 1 through 8 above and further state:

13.     Diethylstilbestrol is, and at all times relevant to this action was, an unreasonably dangerous and harmful drug when used by pregnant women for its advertised and intended purpose as a miscarriage preventative.

14.     The Defendant knew, or should have known in the exercise of reasonable care, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the lack of efficacy of DES and the dangers to unborn children should have been disseminated to overcome the Defendant's extensive advertising campaign proclaiming the safety and efficacy of DES.

15. As a result of Defendant's manufacture, marketing, promotion and/or distribution of this defective and unreasonably dangerous drug, Plaintiff Amy Kelly was unreasonably exposed to DES as an unborn child and has suffered and will continue to suffer injury, loss and damages as aforesaid.

16. As a result of Defendant's manufacture, marketing, promotion and/or distribution of this defective and unreasonably dangerous drug, the minor Plaintiff, Kate Kelly, has suffered injury, loss and damages as aforesaid.

Wherefore, Plaintiffs demand judgment for damages, costs and trial by jury.

**Count III - Breach of Warranty**

Plaintiffs reallege the allegations contained in paragraphs 1 through 8 above and further state:

17. At all times material to this action, the Defendant manufactured, marketed, promoted and/or distributed DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative and was safe for pregnant women and their unborn children if used as directed for that purpose.

18. Defendant knew or should have known that pregnant women, including the mother of Plaintiff Amy Kelly and her attending physicians, were relying on Defendant's skill and judgment and their implied and express warranties and representations.

19. Plaintiff Amy Kelly was a foreseeable member of that class of persons entitled to rely upon the implied warranties imposed by law upon the Defendant's products. Plaintiff

is a beneficiary of the warranties alleged above.

20. At all times material, these implied and express warranties and representations were false, misleading and unfounded. In fact, diethylstilbestrol was a misbranded drug in violation of federal law and was neither safe nor efficacious as a miscarriage preventative.

21. As a direct result of the breach of warranties by the Defendant, Plaintiff Amy Kelly was unreasonably exposed to DES as an unborn child and has suffered and will continue to suffer injury, loss and damages as aforesaid.

22. As a direct result of the breach of warranties by the Defendant, the minor Plaintiff, Kate Kelly, has suffered injury, loss and damages as aforesaid.

Wherefore, Plaintiffs demand judgment for damages, costs and trial by jury.

### Count IV - Negligent Misrepresentation

Plaintiffs reallege the allegations contained in paragraphs 1 through 8 above and further state:

23. Defendant falsely represented to Plaintiff Amy Kelly's mother, her physicians and members of the general public, that DES was safe and efficacious for use in preventing miscarriage by virtue of intentionally ambiguous, vague, confusing and inconsistent labeling. The representations by the Defendant and the lack of them were in fact false. The true facts were that the DES product was not safe for said purpose and was, in fact, dangerous to the health and body of Plaintiff.

24. The Defendant made the aforesaid representations with no reasonable ground for believing them to be true. They did not have accurate or sufficient information

concerning these representations. Further, the Defendant was aware that without such information they could not accurately make the aforesaid representations.

26. At the time the aforesaid representations were made, the Defendant concealed from Plaintiff's mother and her physicians their lack of information and their consequent inability to make the aforesaid representations accurately.

26. The aforesaid representations were made by the Defendant with the intent to induce Plaintiff's mother and her physicians to act in the manner herein alleged.

27. At the time the Defendant made the aforesaid representations, and at the time Plaintiff's mother ingested DES, Plaintiff's mother and her physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said representations, Plaintiff's mother and her physicians were induced to, and did, use and prescribe the aforesaid product as herein described. If Plaintiff's mother and her physicians had known the actual facts, they would not have taken such action. The reliance of Plaintiff's mother and her physicians upon the Defendant's representations was justified because they were made by individuals and entities who appeared to be in a position to know the facts.

28. As a direct and proximate result of one or more or all of these wrongful acts or omissions of the Defendant, Plaintiff Amy Kelly was unreasonably exposed to DES as an unborn child and has suffered and will continue to suffer injury, loss and damages as aforesaid.

29. As a direct and proximate result of one or more or all of these wrongful acts or omissions of the Defendant, the minor Plaintiff, Kate Kelly, has suffered injury, loss and

damages as aforesaid.

Wherefore, Plaintiffs demand judgment for damages, costs and trial by jury.

### Count V - Parents' Derivative Claim

Plaintiffs, Amy C. Kelly and Walton J. Kelly, individually, as parents and next friends of Kate Kelly, their minor child, reallege all the foregoing allegations and further say:

30.    At all times material hereto, they were and are the parents of Kate Kelly, a minor.

31.    As a direct and proximate result of the conduct of the Defendant as aforesaid, they have been obliged to spend sums of money for hospital, physician, rehabilitation and other medical care in an effort to have their child, Kate, cured of her injuries and developmental delays. They have suffered mental pain and anguish as a result of their child's prematurity; they have been and will continue to be deprived of the companionship, services and society of their child; and such losses will continue in the future.

WHEREFORE, the Plaintiffs Amy C. Kelly and Walton J. Kelly, demand judgment for damages, interest, costs and trial by jury.

### Count VI - Consortium Claim

Plaintiff Walton J. Kelly realleges the foregoing and further says:

32.    At all times material, he was and is the husband of the Plaintiff Amy Kelly since their marriage on April 3, 1999.

33.    As a direct and proximate result of the conduct of the Defendant as alleged above, he has suffered the loss of his wife's society, comfort and companionship, and he will

continue to experience such losses in the future.

WHEREFORE, Plaintiff Walton J. Kelly demands judgment for damages, costs and trial by jury.

### Count VII - Punitive Damages

Plaintiffs reallege the allegations contained in paragraphs 1 through 33 above and further state:

34.  At all times described herein, the Defendant's acts were intentional, willful, wanton and malicious in that its conduct was carried on with a conscious disregard for the safety and rights of the Plaintiffs. The Defendant's unconscionable conduct thereby warrants an assessment of exemplary and punitive damages against it in an amount appropriate to punish the Defendant and set an example of it.

WHEREFORE, Plaintiffs pray for punitive damages against the Defendant in a sum greater than Seventy Five Thousand Dollars ($75,000), as well as interest, costs, attorneys' fees and expenses.

Dated this 20th day of June, 2005.

Respectfully submitted,

PATRICIA MARTIN STANFORD, P.A.

*Patricia M Stanford*
PATRICIA MARTIN STANFORD, ESQUIRE
DC Bar No. 471672
3609 Hendricks Avenue
Jacksonville, Florida 32207
904-346-4215
ATTORNEY FOR PLAINTIFFS